TITLE GUARANTEE AND TRUST COMPANY, Plaintiff, v. TUSCAN COURT, INC., Appellant, Impleaded with FRANK H. ALMIRALL, Receiver of TUSCAN COURT APARTMENTS, INC., GREAT NECK, LONG ISLAND, Respondent, and Others, Defendants.— Order overruling objections to the receiver's account and settling the account reversed on the law and the facts, without costs, and the matter remitted to the Special Term to take proof in support of the account and the objections filed thereto, involving the issue as to whether or not commissions were earned by the agent Boehle. Lazansky, P. J., Hagarty, Scudder, Tompkins and Davis, JJ., concur.

WILLIAM P. TRAUB and MAX KNOTHE, Respondents, v. FILIPPO PATERNO and Others, Appellants, Impleaded with Others, Defendants.— Judgment as amended reversed on the law and the facts and a new trial granted, costs to appellants to abide the event. It was error to exclude the checks that were marked for identification. They were material in their bearing upon the likelihood of the claim of the plaintiffs that appellants made the promise upon which the plaintiffs rely for a recovery. The lien itself must be considered as bearing upon the unlikelihood of the alleged promise. It nowhere indicates any employer excepting the original contractor with whom the plaintiffs had their subcontract, nor does it indicate any person other than that original contractor to whom the materials were furnished. While the lien may not be defective because of these facts, nevertheless it is to be considered on a basis of an admission in conflict with the promise sued upon. Findings of fact and conclusions of law contrary hereto are reversed. Lazansky, P. J., Kapper, Hagarty, Carswell and Tompkins, JJ., concur. Settle order on notice.

VILLAGE OF PELHAM MANOR, Appellant, v. ALEXANDER WERNER, Respondent. — Order affirmed, with fifty dollars costs and disbursements. The granting of a temporary injunction rests largely in discretion. Under the facts presented here, we see no occasion for interfering with the discretion exercised by the justice at Special Term. Whatever rights the plaintiff may have can well await the trial of the action. Lazansky, P. J., Hagarty, Scudder, Tompkins and Davis, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIAM KAPLAN, Appellant.— Motion for enlargement of time granted on condition that appellant perfect the appeal for the May term; case ordered on the calendar for Monday, May 8, 1933. Present — Lazansky, P. J., Young, Hagarty, Tompkins and Davis, JJ. [See *post*, p. 860.]

ROBINSWOOD ESTATES, INC., Appellant, v. MARTIN J. McEVOY and Others, Defendants, Impleaded with ROBIN WOOD REALTY CORPORATION and Others, Respondents.— On argument, so-called judgment reversed on the law and the facts, without costs, and the matter remitted to the Special Term for trial, without prejudice to any proceeding as to which any of the parties may be advised. Appeal from order denying motion for a reconsideration of the judgment and for a judgment of foreclosure in appellant's favor dismissed. Lazansky, P. J., Young, Hagarty, Tompkins and Davis, JJ., concur.